## Case No. 5,456.

### The GIPSEY.

[Blatchf. Pr. Cas. 126.] [1]

Circuit Court, S. D. New York. March, 1862.

VESSEL AND CARGO CONDEMNED—BLOCKADE.

The vessel was pursued while attempting to violate the blockade. All on board of her escaped before she was taken. The court allowed other testimony to be given. Letters on board afforded a strong presumption that the vessel and cargo were enemy property. No claimant intervened: It not being probable that the papers of the vessel, or any of her crew, or any further proof could be produced, the court decreed condemnation of vessel and cargo, the vessel having been appraised and taken for the use of the government in the Gulf of Mexico, where she was captured, and not having been brought within this district.

BETTS, District Judge. The yacht schooner Gipsey, and her cargo, on the 29th of December, 1861, pursued, in attempting to violate the blockade of New Orleans, by the United States vessel of war New London, the Wissahicon being also in sight. The officers and crew of the yacht escaped from her in their boat before she was taken possession of by the captors, and after setting fire to the prize. The cargo on board was sent by the captors to this port, and the vessel, being insufficient to make the voyage north, was appraised and taken possession of and used by the government. After the cargo arrived here the district attorney, on an affidavit of the facts, moved the court for and obtained an order that Thomas W. Jackson be examined upon the standing interrogatories by the prize commissioners, with the like effect as if he were one of the witnesses prescribed by law, subject to any objections that might be made to his competency or credit. The case being regularly set down for hearing, and the proofs being clear that the yacht was seized in attempting to evade the blockade of the port of New Orleans, the strong presumption, from the written letters and memorada found on board the vessel, being that she and her lading were both enemy property, and no party intervening to claim the said prize, although due service of process of monition was

1 [Reported by Samuel Blatchford, Esq.]

made according to the course in admiralty, and the impracticability of obtaining the regular papers of the vessel, or any members of her crew, to give evidence in the case, being made clear, and it not being probable that any further proofs of the transaction can be produced before the court, because of the impediment of natural and physical causes, it is considered by the court that sufficient authority is shown for the condemnation of the said vessel and her cargo as prize of war. Jecker v. Montgomery, 13 How. [54 U. S.] 515, 516. Judgment of forfeiture is accordingly given in favor of the libellants.